IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACQUELINE BROWN-BILYEU,<br><br>    Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>    Defendant. | Case No. CIV-18-98-F |

## COMPLAINT

Plaintiff, Jacqueline Brown-Bilyeu ("Jackie"), through undersigned counsel, for her Complaint against The Prudential Insurance Company of America ("Prudential"), alleges as follows:

## PARTIES

1. Jackie maintains a primary residence and is domiciled in Orange County, California, and is a citizen of the State of California within the meaning and intent of 28 U.S.C. § 1332.

2. Prudential is a corporation organized under the laws of the state of New Jersey, with its principal place of business in the state of New Jersey. Prudential is a citizen of the State of New Jersey within the meaning and intent of 28 U.S.C. § 1332. Prudential is authorized to do business in the State of Oklahoma. No service is necessary at this time as Plaintiff is providing a copy of this Complaint to Prudential, along with a request that Prudential waive the issuance and service of summons.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 because this action arises under the laws of the United States, specifically the Servicemembers' Group Life Insurance Act, 38 U.S.C. §1965 *et seq*. ("SGLIA"). The issues raised in this action concern the beneficiary and/or beneficiaries of a policy issued to Timothy J. Dotson ("Timothy") pursuant to the SGLIA.

4. Alternatively, there is complete diversity of citizenship between Plaintiff and Defendant within the meaning and intent of 28 U.S.C. § 1332, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and cost of suit. Therefore, this Court also maintains subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5. Venue is proper in the United States District Court, Western District of Oklahoma, pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to this claim occurred in this district.

## FACTUAL BACKGROUND

6. At all times pertinent hereto, Timothy was the son of Jackie.

7. Timothy was covered under the Servicemembers' Group Life Insurance Group Policy G-32000 ("SGLIA Policy") issued by Prudential pursuant to SGLIA. The amount of the death benefit on the SGLIA Policy is $400,000.

8. For a number of years, Timothy elected to name Jacqueline Brown-Bilyeu, his mother, as the sole beneficiary of the Prudential SGLIA Policy.

9. Shortly before his death, Timothy was contacted by his estranged father, who unduly influenced Timothy to change the beneficiary of the Prudential SGLIA Policy.

10. A few weeks later, on or about December 3, 2017, Timothy committed suicide.  As a result of his death, the death benefit of the SGLIA Policy became due and payable by Prudential.

11. On or about December 11, 2017, Jackie made a claim to Prudential for the death benefit.  This claim was denied by Prudential on the basis that Jackie was no longer the named beneficiary at the time of Timothy's death.

## CAUSE OF ACTION

12. Plaintiff realleges and incorporates by reference herein Paragraph Nos. 1 through11 of the Complaint.

13. Jackie has reason to believe that Timothy was not of sound mind when he purportedly removed her as his designated beneficiary.

14. Jackie seeks a declaratory judgment, either declaring that Timothy was not of sound mind at the time of the beneficiary change or was the subject of undue influence by others that resulted in her removal as designated beneficiary.

15. Alternatively, Prudential is subject to multiple claims regarding who is the proper beneficiary of Timothy's death benefit. Due to the potential multiple liability of Prudential, Jackie would consent to conversion of the case to an interpleader matter in which the competing claimants may litigate these issues amongst themselves.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Jacqueline Brown-Bilyeu prays for a judgment of this Court in her favor on the Complaint, costs, interest, attorney's fees, and such other relief, legal and equitable, deemed just and proper.

DATED this 30th day of January, 2018.     Respectfully submitted,

/s/ Heidi M. Nichols
Heidi M. Nichols, OBA #20294
CONNER & WINTERS, LLP
1700 One Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
Email:     hnichols@cwlaw.com

***Attorney for Plaintiff***